Bret D. Lewis, Esq. [SBN 166819]
12304 Santa Monica Blvd., Ste 107A
Los Angeles, CA 90025
Tel (310) 207-0696
Fax (310) 362-8424
Email: Bretlewis@aol.com

Attorney for Alfred H. Siegel, Chapter 7 Trustee
Of the Bankruptcy Estate of Mark Alan Shoemaker

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.:  1:14-bk-15182-GM |
| Mark Alan Shoemaker, | Chapter 7 |
| Debtor, | Adv. Case No. |
| Alfred H. Siegel, Chapter 7 Trustee | COMPLAINT FOR: |
| Plaintiff, | (1)  Common Counts<br>(2)  Unjust Enrichment |
| vs. | (3)  Conversion<br>(4)  Declaratory Relief |
| James F. Rees; Masako Okuda; Todd B. Becker, | |
| Defendants. | |

COMES NOW Plaintiff Alfred H. Siegel, Chapter 7 Trustee ("Plaintiff"), alleges as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2.     This action is a core proceeding under 28 U.S.C. §157(b)(2)(A), (C), (E), (F), (K) and (O).

3.     Venue in this Court is proper pursuant to 28 U.S.C. §1409, as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

### Parties

4.     Mark Alan Shoemaker ("Debtor") commenced the above-captioned bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 7 of 11 U.S.C. § 101 et seq. on May 25, 2010.

5.     Alfred H Siegel was duly appointed as the chapter 7 trustee (the "Trustee") in the Case on or about May 25, 2010.

6.     Defendants Masako Okuda, James F. Rees and Todd B. Becker  (collectively "Defendants") are all individuals that are licensed attorneys, residing and doing business in the Southern California area of Los Angeles and Orange County.

### General Allegations

7.     Jantha Harris ("Harris") signed an Attorney Client Retainer Agreement ("Harris Agreement") with Debtor regarding employment litigation based on racial discrimination. Debtor represented Defendant in all aspects in United States District Court Case No. CV07-05058 DDP (hereafter "Harris Case"). A true and correct copy of the Agreement is attached as Exhibit 1.

8.     Ngozi Usim ("Usim") signed an Attorney Client Retainer Agreement ("Usim Agreement") with Debtor regarding employment litigation based on racial discrimination. Debtor represented Defendant in all aspects in United States District Court Case No. CV07-05052 DDP (hereafter "Usim Case").  A true and correct copy is attached as Exhibit 2.

9.     Annette Mills ("Mills") signed an Attorney Client Retainer Agreement ("Agreement") with Debtor regarding employment litigation based on racial discrimination. Debtor represented Defendant in all aspects in United States District

1  Court Case No. CV07-05055 DDP (hereafter "Mills Case").  A true and correct copy is

2  attached as Exhibit 3.

3  10.    The case histories and procedural events of the litigation of the Harris Case, Usim

4  Case and Mills Case are listed in the civil dockets for the Harris Case, Usim Case and

5  Mills Case.

6  11.    As to the Harris Case - Debtor engaged in extensive discovery, including

7  depositions, law and motion, retaining expert witnesses, conducting depositions of

8  opposing expert witnesses, complete preparation for trial including but not limited to

9  jury instructions, special verdicts, exhibit preparation, and witness preparation.  Debtor

10  successfully defeated motion for summary judgment. Debtor had positioned the Harris

11  Case for a jury verdict of over $1 million. All trial documents had been filed and ruled

12  on by the Court and Debtor answered ready for trial in September 2009. The Court

13  ordered a 4-7 day jury trial and put the matter on "indefinite" trailing status. Harris filed

14  a substitution of attorney on April 21, 2011, substituting in as attorneys of record Daniel

15  Joseph Kolodziej and Trygstad Schwab & Trygstad, P.C. Masako Okuda, James F. Rees

16  and Todd B. Becker were also listed as attorneys of record for Defendant.

17  The Harris Case docket shows that the Harris Case settled around June 30, 2011.

18  12.    As to the Usim Case - Debtor also engaged in extensive pre-trial proceedings,

19  preparation of pleadings, discovery, law and motion, including client conferences,

20  witness development, evidence development and other investigation and research.

21  Around June 2008, Usim terminated the services of Debtor in favor of James F. Rees;

22  Masako Okuda; Todd B. Becker. The Usim Case settled around August 27, 2010.

23  13.    As to the Mills Case - Debtor also engaged in extensive pre-trial proceedings,

24  preparation of pleadings, discovery, law and motion, including client conferences,

25  witness development, evidence development and other investigation and research.

26  Around June 2008, Mills terminated the services of Debtor in favor of James F. Rees;

27  Masako Okuda; Todd B. Becker. The Mills Case settled the case around May 2010.

28

## First Claim – Unjust Enrichment

### (Against Defendants Masako Okuda, James F. Rees and Todd B. Becker)

14.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 as though fully set forth herein.

15.    Debtor's skill and services as an attorney was responsible for Defendants' successful settlement of the Harris Case, Usim Case and Mills Case.

16.    Debtor expended significant time and resources preparing the Harris Case, Usim Case and Mills Case

17.    Defendants received the full benefit of Debtor's services, skill and resources as demonstrated by the settlements of the Harris Case on June 30, 2011, the Usim Case around August 27, 2010 and Mills Case around May 2010. Also, the fact that the dockets of the Harris Case, Usim Case and Mills Case does not show any legal activity conducted by any other attorneys that could or would in any manner have positioned the Harris Case, Usim Case and Mills Case for a successful settlement as compared to the services, skill and resources provided by Debtor.

18.    Defendants have been unjustly enriched by receiving the benefit of money received from the settlements of the Harris Case, Usim Case and Mills Case when the settlements were all due to the time, expense, effort and resources expended by Debtor on behalf of the Harris Case, Usim Case and Mills Case.

19.    Plaintiff is entitled to the imposition of a constructive trust pursuant to the Harris Agreement, Usim Agreement and Mills Agreement.

20.    Plaintiff is entitled to an accounting by Defendants.

21.    Plaintiff is entitled to restitution.

22.    Plaintiff is entitled to recover from Defendants, 48% of the gross settlements, plus expenses, or the reasonable value of said legal services performed and expenses incurred by Debtor, plus interest at the legal rate, subject to proof at trial.

## Second Claim – Money Had and Received

### (Against Defendants Masako Okuda, James F. Rees and Todd B. Becker)

23.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

24.    Defendants received money that belonged to Debtor due to the settlements of the Harris Case, Usim Case and Mills Case which in equity and good conscience should be paid over to the Plaintiff.

25.    Plaintiff is informed and believes and thereon alleges that Defendants were paid monies from the settlement of the Harris Case, Usim Case and Mills Case of which $600,000 belonged to Debtor for the reasonable value of legal services rendered and expenses incurred by Debtor on behalf of the Harris Case, Usim Case and Mills Case.

26.    Defendants became indebted to Debtor in the sum of $600,000 for money had and received by said Defendants for the use and benefit of Debtor.

27.    Plaintiff is entitled to a judgment of an amount of $600,000, plus interest at the legal rate, subject to proof at trial.

## Third Claim – Conversion

### (Against Defendants Masako Okuda, James F. Rees and Todd B. Becker)

28.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 as though fully set forth herein.

29.    Defendants received money that was earned and belonged to Debtor due to the Harris Agreement, Usim Agreement and Mills Agreement and the reasonable value of legal services and expenses incurred by Debtor for the Harris Case, Usim Case and Mills Case.

30.    Defendants wrongfully exercised dominion over at least $600,000 which was the property of Debtor.

31.    Defendants' conversion was wrongful due to Defendants' actual knowledge of (1) Debtor's services to Harris and the Harris Case, Usim and the Usim Case, Mills and the Mills Case; (2) the Harris Agreement, the Usim Case and the Mills Case; (3)  Debtor's

1  superior right to compensation for value for legal services provided to Harris and the

2  Harris Case, Usim and the Usim Case, Mills and the Mills Case.

3  32.    Plaintiff has been damaged in the amount of $600,000 and costs, plus the legal

4  rate of interest, according to proof at trial.

5  33.    Defendants' conduct described herein was done with a conscious disregard of

6  Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff, such as to constitute

7  oppression, fraud or malice under <u>California Civil Code</u> Section 3294, entitling Plaintiff

8  to punitive damages which should be an amount appropriate to punish or set an example

9  of Defendants. Defendants' conduct is especially egregious since Debtor introduced said

10  Defendants to Harris, Usim and Mills and befriended said Defendants by allowing them

11  to participate in the Harris Case, Usim Case and Mills Case. Harris, Usim and Mills were

12  originally the clients of Debtor. Defendants would never have known about Harris, Usim

13  and Mills but for the introductions by Debtor.

14  ### Fourth Claim – Declaratory Relief

15  **(Against Defendants Masako Okuda, James F. Rees and Todd B. Becker)**

16  34.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 33 as

17  though fully set forth herein.

18  35.    The Harris Agreement, Usim Agreement and Mills Agreement (collectively "The

19  Agreements") entitled Plaintiff to the reasonable value of services and expenses incurred

20  by Debtor estimated to be over $600,000.

21  36.    California *Code of Civil Procedure* §1060 provides:

22      "Any person interested under a written instrument, excluding a will or a
23      trust, or under a contract, or who desires a declaration of his or her rights
    or duties with respect to another, or in respect to, in, over or upon
24      property, or with respect to the location of the natural channel of a
    watercourse, may, in cases of actual controversy relating to the legal
25      rights and duties of the respective parties, bring an original action or
26      cross-complaint in the superior court for a declaration of his or her rights
    and duties in the premises, including a determination of any question of
27      construction or validity arising under the instrument or contract. He or
28      she may ask for a declaration of rights or duties, either alone or with other

relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

37.    *Mojtahedi v. Vargas* (2014) 228 Cal.App.4th 974 and *Brown v. Sup. Ct. (Cyclon Corporation)* (2004) 116 Cal.App.4th 320 gives Plaintiff the right to seek a determination of Plaintiff's rights under The Agreements by declaratory relief of the validity, amount and priority of any lien or right to compensation under The Agreements. Plaintiff also has the right under these cases to seek enforcement through the declaratory relief action against Usim and any other parties relevant to the determination such as Defendants.

38.    An actual controversy has arisen and now exists between Plaintiff, Harris, Usim, Mills and Defendants concerning their respective rights and duties under The Agreements. Plaintiff contends it is entitled to a minimum of $600,000 due to The Agreements and the legal services rendered and expenses incurred by Debtor for Harris in the Harris Case, Usim in the Usim Case and Mills in the Mills Case under The Agreements and that Plaintiff is entitled to enforce any such rights to any money under The Agreements against Defendants and any such like parties.

39.    Plaintiff desires a judicial determination of its rights and duties, and a declaration as to the validity of The Agreements, the amount of attorneys' fees and expenses Plaintiff is entitled to under The Agreements, the priority of any rights to Plaintiff resulting from The Agreements as to Harris, Usim, Mills, Defendants and any other third parties, enforcement of any rights resulting from The Agreements and any further rights resulting from The Agreements.

38.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties under The Agreements and any enforcement thereto.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      On the First Claim: imposition of constructive trust, accounting, restitution, 48% of gross recovery under United States District Court Cases  Numbers CV07-05052 DDP, CV07-05055 DDP, CV07-05058 DDP and/or reasonable value of services and expenses incurred by Debtor estimated to be at least $600,000, interest at legal rate, according to proof at trial.

2.      On the Second Claim: $600,000, plus interest at legal rate, according to proof at trial;

3.      On the Third Claim: $600,000, plus interest at legal rate, according to proof at trial, punitive damages under Cal. Civ. Code section 3294;

4.      On the Fourth Claim: For an order declaring and adjudicating the validity of The Agreements, the amount of attorneys' fees and costs Plaintiff is entitled to under The Agreements, the priority of any rights to Plaintiff resulting from The Agreements as to Defendants and any third parties, enforcement of any rights resulting from The Agreements and any further rights resulting from The Agreements;

5.      On All Claims:

     a.      Pre-judgment and post-judgment interest at the legal rate according to proof;

     b.      Costs of suit;

     c.      Such further relief as the Court deems proper.

Dated:  November 26, 2014

                    /s/ Bret D. Lewis
                    Bret D. Lewis, Esq.
                    Attorney for Plaintiff Alfred H. Siegel, Chapter 7 Trustee for
                    the Bankruptcy Estate of Mark Alan Shoemaker